UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

KIMBERLY ANN GLOVER                                                                PLAINTIFF

VS.                                          CIVIL ACTION NO. 4:11CV97CWR-FKB

JACKSON COUNTY, MISSISSIPPI, ET AL.                           DEFENDANTS

REPORT AND RECOMMENDATION

On May 25, 2011, Plaintiff Kimberly Ann Glover filed a complaint in this Court charging Defendants with false arrest. On the same date, she filed a Motion to Proceed In Forma Pauperis (Docket No. 2) requesting that the prepayment of filing fee and costs be waived pursuant to 28 U.S.C. § 1915.

After a review of the sworn Financial Affidavit filed with the Court, it is the opinion of the undersigned that Plaintiff is not indigent under the law and should not be allowed to proceed in forma pauperis. Plaintiff, who apparently has a college degree, and her spouse have a monthly income of $7,132. According to the affidavit, her family's monthly expenses are $5,418. She and her husband own their own home and two vehicles and have no car payment. Plaintiff maintains that legal expenses associated with her false arrest render her unable to pay the $350 filing fee.

Section 28 U.S.C. §1915(a)(1) is intended to provide access to federal courts for plaintiffs who lack the financial resources to pay any part of the statutory filing costs. See Williams v. Estelle, 681 F.2d 946 (5th Cir. 1982); Prows v. Kastner, 842 F.2d 138 (5th Cir. 1988). This Court, in exercising its discretion, has considered the following factors:

> Is the plaintiff barred from the federal courts by reason of his impecunity? Souder v. McGuire, 516 F.2d 820 (3rd Cir. 1975);

> Is access to the courts blocked by the imposition of an undue hardship? <u>Startti v. United States</u>, 415 F.2d 1115 (5th Cir. 1969); and,
>
> Is the plaintiff forced to contribute his last dollar, or render himself destitute to prosecute his claim? <u>Adkins v. E.I. DuPont de Nemours & Co.</u>, 335 U.S. 331, 337 (1941).

Considering the circumstances of Plaintiff, particularly the fact that she has significant monthly income, the undersigned finds that she could pay filing costs without undue financial hardship if given ninety days to pay the filing fee. She will not be rendered destitute by paying the filing fee in ninety days, as she does have a place to reside, a motor vehicle, and a monthly income. Because she will not be barred from the federal courts due to her lack of financial resources, it is the recommendation of the undersigned that Plaintiff's motion to proceed in forma pauperis be denied. Plaintiff shall be given ninety days to pay the filing fee in this cause; all of the costs associated with the filing of this lawsuit should be paid on or before August 7, 2011. If Plaintiff does not object to this recommendation, and further does not pay the filing fee by August 7, the undersigned recommends that this case be dismissed without prejudice with no further notice to Plaintiff.

Plaintiff is referred to 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b) for the appropriate procedure in the event she desires to file objections to these findings and recommendations. Plaintiff is further notified that failure to file written objections to the proposed findings, conclusions, and recommendation contained within this report and recommendation within fourteen (14) days after being served with a copy shall bar her, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. 28 U.S.C. §636; Fed. R. Civ. P. 72(b)(as amended, effective December 1, 2009); <u>Douglass v. United Services Automobile</u>

<u>Association</u>, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

Respectfully submitted, this the 8th day of June, 2011.

/s/ F. Keith Ball_____
UNITED STATES MAGISTRATE JUDGE